IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,  Plaintiff,  v.  PREMIUM ESCROW SERVICES, INC., a foreign corporation, ROBERTA MATOT PACKARD, TIMOTHY JOSHUA MATOT, IAN MATOT, and TROY MATOT,  Defendants. | Civil No. 04-1768-PA  ORDER STAYING EXECUTION OF JUDGMENT AND DISBURSEMENT OF FUNDS |

**PANNER, J.**

Premium Escrow Services, Inc. ("Premium"), moves to stay execution of the Order (docket # 42{43) and Judgment filed by this Court on August 24, 2005, along with an anticipated Order of Disbursement.

I am concerned about certain statements in the memorandum in support of the motion regarding the potential merits of the appeal. Paragraph 13 states, "It is undisputed that Premium is the BFP of this policy." Actually, that issue was hotly contested at trial. Ultimately, I concluded it was unnecessary

1 - ORDER STAYING EXECUTION OF JUDGMENT AND DISBURSEMENT OF FUNDS

to resolve that dispute, because ERISA provided the controlling law. Premium's memorandum also states that Premium intends to argue some issues on appeal that were never raised below. The appellate court may decline to permit that.

Despite these failings, an appeal would not be frivolous. Whether a QDRO trumps a bona fide purchaser for value --assuming, *arguendo*, that Premium was a BFP-- appears to be a question of first impression. Accordingly, I grant the request to stay execution of the Judgment pending an appeal to the Ninth Circuit.

Premium argues that no bond should be required, as the $250,000 principal will remain in the Court's registry during any appeal. However, the post-judgment interest rate specified in 28 U.S.C. § 1961 (based on one-year treasury bill rates) almost certainly will be higher than the interest actually earned on those funds while on deposit in the registry (which normally has far shorter maturities, due to uncertainty as to when such funds will need to be disbursed). In addition, by law, the Clerk must retain ten percent of all accrued interest as a fee covering administrative expenses. 55 Fed. Reg. 42867. Consequently, the Matots likely will incur some pecuniary harm from the stay, assuming the judgment is affirmed on appeal.

After evaluating the relevant factors, including but not limited to the likely duration of an appeal, the ability of Premium to provide a bond, and the amount of interest likely to accrue, I find that a $30,000 bond is sufficient. Premium shall confer with the Matots regarding the form of the undertaking, and

either submit a stipulation between the parties as to its adequacy, or else a statement that the Matots object, and why, and a request for the Court to rule on that objection.

It is not necessary to stay my Order dated August 24, 2005; it determines the rights of the parties, but is not itself an executable order. Rather, the Judgment is the operative document. Premium also requests that I stay an anticipated Order of Disbursement. If Premium posts the required bond by September 7, 2005, I will defer entering a disbursement order until after the appeal has been resolved.

## Conclusion

Execution of the Judgment in this action, and disbursement of the funds on deposit in the Court's registry, are stayed until Premium's appeal is adjudicated. This stay shall dissolve at 4:30 p.m. on September 7, 2005, without further action by the Court, unless a $30,000 supersedeas bond has been posted by Premium.

IT IS SO ORDERED.

DATED this 24th day of August, 2005.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE